The following constitutes
the order of the court. Signed October 01, 2010

_____

**Charles Novack**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 10-55950 CN |
| GERARDO CORTEZ OCHOA, | Chapter 13 |
| Debtor. | **MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT OF COURT AND SANCTIONS AGAINST CREDITOR LONG VALLEY LEASING** |

### INTRODUCTION

Debtor Gerardo Ochoa ("Ochoa") asks this court to hold Creditor Long Valley Leasing and Financial Services ("Long Valley") in contempt of court for violating the automatic stay when it refused to return Ochoa's vehicle after he filed his Chapter 13 bankruptcy. Long Valley opposes the motion and argues that it had rightfully repossessed the vehicle before the Chapter 13 was filed, and that Ochoa did not have the right to the vehicle without providing adequate protection. After considering the parties' submissions and arguments of counsel, the court finds that Long Valley is in contempt of court and that an award of sanctions is appropriate.

### FACTUAL BACKGROUND

In January 2009 Ochoa purchased a 2004 Ford F150 truck (the "truck") from a Ford dealership. Long Valley financed Ochoa's purchase of the truck. On May 7, 2010, Long Valley notified Ochoa that he needed to bring his loan balance current within a week or Long Valley would repossess the truck. With the loan still in default, Long Valley repossessed the truck on May 25, 2010. Two days later, Long Valley informed Ochoa in writing that it intended to sell the truck on June 11, 2010. Long Valley's May 27 letter also advised Ochoa that, under California law, he had fifteen days to redeem the truck.

Ochoa filed his chapter 13 petition on June 6, 2010. He scheduled Long Valley as a secured creditor and proposed a chapter 13 plan that would pay Long Valley in full with interest. He also proposed $225 in monthly adequate protection payments to Long Valley.

Ochoa asked Long Valley to return the truck on June 8, 2010. Long Valley informed Ochoa that it would only turnover the truck if he first provided adequate assurances that its collateral would be protected and the debt would be repaid. Ochoa provided Long Valley with proof of insurance the next day, and also provided proof of his employment by June 17, 2010. The parties thereafter, through their counsel, negotiated an adequate protection stipulation, which was filed with the court. The stipulation provided that as further adequate protection, the debtor agreed to make his plan payments on time and, if he failed, he would voluntarily surrender the truck and not oppose further relief from stay. The stipulation was filed with the court on June 18, 2010, and Paul Moncrief, Long Valley's counsel thereafter told Ochoa's counsel, Michael Miranda, that Long Valley had agreed to return the truck.

Long Valley did not return the truck to Ochoa. While Long Valley has submitted several declarations detailing why it refused to turnover the truck, the simple fact is that Long Valley, despite knowledge of Ochoa's Chapter 13 plan and the execution of the adequate protection stipulation, did not return the truck. The record further indicates that Ochoa's counsel attempted to contact Long Valley's counsel numerous times after the adequate protection stipulation was filed to determine why Long Valley refused to turn over the truck. Ochoa's counsel did not receive any substantive response from Long Valley.

The court conducted an initial hearing on Ochoa's motion for contempt on August 27, 2010, and ordered Long Valley to turn over the truck upon proof of continuing insurance listing Long Valley as

**MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1   the lienholder. Ochoa provided the proof of insurance as directed, but Long Valley failed to turn over

2   the truck.

3        By way of supplemental declaration, Ochoa's counsel Miranda advised the court that Long

4   Valley had not returned the truck, and he further submitted time records reflecting that Ochoa incurred

5   $3,105 in fees and costs in preparing the motion. Then, before the court could issue its memorandum

6   decision, Ochoa's counsel filed a third declaration in which he informed the court that Long Valley had

7   sold the truck on or about July 20, 2010, more than a month before the August 27, 2010 hearing.[1]

8

9                              **LEGAL DISCUSSION**

10  I.    Long Valley's Failure to Return the Truck Violates the Automatic Stay.

11       The automatic stay specifically enjoins any act "to obtain possession of" or "to exercise control

12  over property of the estate." 11 U.S.C. § 362(a)(3). The knowing retention of estate property violates

13  these provisions of the automatic stay. *Calif. Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.)*,

14  98 F.3d 1147, 1152 (9th Cir. 1996). Property of the estate, in turn, broadly includes "all legal or

15  equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

16  The issue here is whether Long Valley violated the automatic stay by retaining possession of the truck

17  that it repossessed pre-petition.[2]

18       Under California law, a debtor has a statutory right to redeem a repossessed vehicle before the

19  repossessing creditor's sale of the vehicle. Cal. Civ. Code § 2983.2; *In re Fitch*, 217 B.R. 286, 290

20  (S.D. Cal. 1998). There is no dispute here that Ochoa had a right to redeem and continued to hold legal

21  title to his truck at the time he filed his petition. As a result, Ochoa held both legal title to and an

22  equitable interest in the truck that became part of his bankruptcy estate. *See United States v. Whiting*

23

24  _____

25       [1]Ochoa's counsel's third declaration also states that Long Valley sought to remedy the sale
26  by providing a replacement vehicle to Ochoa. Ochoa has purportedly rejected this offer.

27       [2] While it is apparent that Long Valley's subsequent sale of the truck violated the automatic
    stay, the sale was not addressed by the parties at the August 27 hearing, and the Court addresses
28  only the underlying issue of Long Valley's post-petition retention of the truck.

**MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT**

1    *Pools, Inc.*, 462 U.S. 198, 103 S. Ct. 2309 (1983)(debtor retains an equitable interest in property that

2    has been seized but not sold at the time bankruptcy is filed).

3         Nevertheless, Long Valley contends that its retention of the truck was not an exercise of control

4    over property of debtor's estate.  In support of its contention, Long Valley relies on *Fitch* where a

5    bankruptcy court declined to impose contempt sanctions against a secured creditor for its post-petition

6    refusal to return a vehicle that it had repossessed pre-petition.  The *Fitch* court reasoned that property

7    of the estate only includes whatever rights a debtor may have in property as of the commencement of

8    the case.  It concluded that while title to the car was property of the estate, the debtor's right to possess

9    the vehicle had ended pre-petition with its repossession.  As a result, the refusal to return the vehicle

10   absent adequate protection did not violate the automatic stay.  *Fitch*, 217 B.R. at 291.

11        Long Valley's reliance on *Fitch* is unpersuasive.  First, several circuit courts have reached a

12   contrary conclusion and have recognized that a debtor's continuing equitable interest in vehicles

13   repossessed pre-petition is property of the estate and requires turn over of the vehicle.  *See, e.g.,*

14   *Thompson v. Gen'l Motors Acceptance Corp*, 566 F.3d 699, 701 (7th Cir. 2009)(turn over of vehicle

15   repossessed pre-petition is compulsory and failure to do so violated the automatic stay); *Motors*

16   *Acceptance Corp. v. Rozier (In re Rozier)*, 376 F.3d 1323, 1324 (11th Cir. 2004)(finding of contempt not

17   error because legal title to vehicle and right of redemption remained with debtor even after

18   repossession); *Knaus v. Concordia Lumber Company, Inc. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir.

19   1989)(creditor's failure to turn over property taken lawfully pre-petition constitutes violation of the

20   automatic stay).  Second, even if *Fitch* was controlling, the *Fitch* court limited its holding to

21   circumstances where the debtor had failed to offer adequate protection to the secured creditor.  Here,

22   by contrast, Ochoa and Long Valley negotiated and filed an adequate protection stipulation, which has

23   not been withdrawn.  Accordingly, Long Valley's refusal to return the truck to Ochoa was a violation

24   of the automatic stay even under the standard announced in *Fitch*.

25

26   II.    <u>Sanctions are an Appropriate Remedy for Long Valley's Violation of the Automatic Stay.</u>

27        To enter a finding of contempt, there must be clear and convincing evidence that the accused

28   violated a specific and definite order of the court.  *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178,

4
**MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT**

1191 (9th Cir. 2003). As the Ninth Circuit has recognized, there is "no doubt" that the automatic stay is just such a specific and definite order. *Id.* As a result, civil contempt sanctions under § 105 are an available remedy for violations of the automatic stay. *Id.* at 1190. No specific intent to violate the stay is required, rather the questions are whether the party accused of contempt knew of the automatic stay and whether the conduct in question was intentional. *Id.* at 1191.

Here, clear and undisputed evidence demonstrates that Long Valley intentionally declined to return Ochoa's truck even after Long Valley's own counsel negotiated an adequate protection stipulation and had represented that Long Valley would return the truck. It is also apparent from the record that Long Valley was aware of the bankruptcy proceedings when it refused to return the truck. Long Valley had retained counsel to represent it as a creditor in the bankruptcy proceedings and Ochoa's counsel demanded its return in light of the bankruptcy filing. Long Valley's intentional failure to return the truck despite that demand is sanctionable conduct.

Under the court's civil contempt authority, sanctions must be designed to compensate for damages flowing from the contempt or to coerce compliance with the order that was violated. *Dyer*, 322 F.3d at 1192. If there is no opportunity to avoid a fine through compliance, then the award becomes punitive in nature and is outside the authority of this court. *Id.* Additionally, attorneys' fees are an appropriate element of an award based on civil contempt. *Id.* at 1195. Under the circumstances presented, no coercive fine is appropriate because Long Valley appears to have sold the truck and therefore cannot return it. Nevertheless, at a minimum, it is appropriate to award the fees and costs incurred in bringing this motion before the court.[3]

**CONCLUSION**

For the reasons stated, the motion to hold Long Valley in contempt of court is granted based on Long Valley's refusal to return the truck to Ochoa, which refusal violated the automatic stay. Sanctions of $3,105.00, payable to the Law Offices of Michael G. Miranda for reasonable attorneys' fees incurred

---

[3]This award of attorneys' fees is without prejudice to any further compensatory or punitive damages, fees and costs that Ochoa may seek under Bankruptcy Code § 362(k).

**MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT**

1  in bringing this motion, are awarded against Long Valley.  Long Valley shall pay the award directly to

2  attorney Miranda on or before October 10, 2010.

3       Good cause appearing, IT IS SO ORDERED.

4

5       ***END OF ORDER***

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT**

1    Case No. 10-55950

2

3                      **UNITED STATES BANKRUPTCY COURT**
4                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

5                          <u>**COURT SERVICE LIST**</u>

6

7    Michael G. Miranda                          Paul W. Moncrief
     LAW OFFICES OF MICHAEL G. MIRANDA           JOHNSON & MONCRIEF, PLC
8    127 E. Alisal Street                        295 S. Main Street, Suite 600
      Salinas, CA 93901                          Salinas, CA 93901

9

10   Devin Derham Burk
     P.O. Box 50013
11   San Jose, CA 95150-0013

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM DECISION AND ORDER ON MOTION FOR CONTEMPT**